UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA MCCARTHY,

    Plaintiff,

v.                                    Case No. 8:24-cv-1739-TPB-AAS

PODS ENTERPRISES, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ana McCarthy, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 5). For the following reason, it is **RECOMMENDED** that Mr. McCarthy's motion to proceed *in forma pauperis* be **DENIED**, and Ms. McCarthy's amended complaint be dismissed without prejudice.

**A.**    **LEGAL STANDARD**

To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2)(B)(i). 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a case if it determines that an action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

1

relief."

"A claim is frivolous 'where it lacks an arguable basis either in law or fact.'" *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1338 (N.D. Ga. 2017), aff'd sub nom. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) when the facts as pleaded do not state a claim for relief that is plausible on its face. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court recognizes Ms. McCarthy is *pro se*, and therefore has an obligation to construe her pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this liberal construction does not allow the court to act as de facto counsel or rewrite otherwise deficient pleadings for a *pro se* litigant. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. ANALYSIS

Ms. McCarthy's amended complaint "seeks relief under 42 U.S.C. § 1983 for the deprivation of her constitutional rights" against Defendants PODS Enterprises, LLC (PODS). (Doc. 4, p. 1). Ms. McCarthy alleges she rented a property from Jerry Cherney but when she rejected his physical advances, Mr.

McCarthy instructed PODS to remove Ms. McCarthy's property from the premises without her permission. (*Id.*, pp. 1–5). Along with her request for punitive and compensatory damages, Ms. McCarthy requests an injunction against Mr. Cherney. (*Id.*, p. 5). However, Mr. Cherney is not named as a party in this action.

A claim under 42 U.S.C. § 1983 requires the plaintiff to show that the alleged misconduct was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds; *Daniel v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Private parties may be considered state actors acting under color of state law only if one of these three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State; or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotations omitted).

PODS is a franchisor of storage and moving businesses featuring the use of portable, self-contained storage units. *See Coyote Portable Storage, LLC v.*

*PODS Enterprises, Inc.*, No. 1:09-CV-1152-AT, 2012 WL 12948862, at *1 (N.D. Ga. Mar. 29, 2012). PODS cannot be sued under 42 U.S.C. § 1983 because it did not act under color of state law when removing Ms. McCarthy's property after being hired to do so by Mr. Cherney.

Because Ms. McCarthy sues under 42 U.S.C. § 1983 against a private actor, the defects in her complaint are incurable and leave to amend would be futile. *See Conventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed."). When a plaintiff cannot meet the second element of the *in forma pauperis* analysis—by showing that the complaint is neither frivolous nor malicious—the court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action." *See Young v. Marshall*, No. CV 20-0495-JB-MU, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), report and recommendation adopted, No. CV 20-0495-JB-MU, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining to review the plaintiff's inconsistent and incomplete motion to proceed *in forma pauperis* because the plaintiff lacked standing to bring her asserted claims). Thus, Ms. McCarthy's motion to seal bank statements and income information is moot.

### III.  CONCLUSION

Because the court lacks subject matter jurisdiction, it is **RECOMMENDED** that Ms. McCarthy's motion to proceed *in forma pauperis* (Doc. 5) be **DENIED**, and this action be dismissed without prejudice.

**ORDERED** in Tampa, Florida on September 16, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.